JOHN J. POWERS (SBN 145623)
john.powers@dbr.com
SANJEET S. GANJAM (SBN 285615)
sanjeet.ganjam@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone:   (415) 591-7500
Facsimile:   (415) 591-7510

Attorneys for Defendants
JANSSEN PHARMACEUTICALS, INC.,
JOHNSON & JOHNSON, and JANSSEN
RESEARCH AND DEVELOPMENT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW WASSERMAN,<br><br>  Plaintiff,<br><br>v.<br><br>JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON, JANSSEN RESEARCH AND DEVELOPMENT, LLC, and DOES 1-5,<br><br>  Defendant. | Case No. 14-CV-2739-VC<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

**WHEREAS** the Parties stipulate and agree that a Protective Order is necessary for the production of certain documents in this case;

**WHEREAS** numerous personal injury cases relating to Risperdal® filed against Defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, and Janssen Research and Development, LLC throughout the State of California have been coordinated before Hon. William F. Highberger in Los Angeles County Superior Court, known as *Risperdal® and Invega® Product Liability Cases*, JCCP No. 4775;

**WHEREAS** a Protective Order in the JCCP No. 4775 coordinated action has been entered by the coordination judge titled "CMO No. 3 Stipulation and Protective Order" (hereinafter "JCCP Protective Order"); and

**WHEREAS** the Parties agree that adopting the JCCP Protective Order is appropriate and will promote efficiency and consistency in the production of documents.

**IT IS HEREBY STIPULATED** by and between the plaintiff Andrew Wasserman and defendants Janssen Pharmaceuticals, Inc., Johnson & Johnson, and Janssen Research and Development, LLC (collectively "Parties"), by and through their respective counsel of record, that the Parties adopt the substance of the JCCP Protective Order, and stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding (Case No. 14-CV-2739-VC).

    b. "Court" means the Hon. Vince Chhabria, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

    d. "Confidential Materials" means any Documents, Testimony or Information as defined below and designated as "Confidential."

    e. "Designating Party" means the Party that designates Materials as

1  "Confidential."

2        f.    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, 3  or make available Materials, or any part thereof, or any information contained therein.

4        g.    "Documents" means (i) any "Writing," "Original," and "Duplicate" as 5  those terms are defined by California Evidence Code Sections 250, 255, and 260, which have 6  been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, 7  or summaries of all or any part of the foregoing.  Documents shall be construed in the broadest 8  sense of the word to include electronically stored information or tangible things, medical records, 9  responses to discovery requests, deposition testimony or transcripts, and other materials.

10        h.    "Information" means the content of Documents or Testimony.

11        i.    "Testimony" means all depositions, declarations or other testimony taken 12  or used in this Proceeding.

13      2.    The Designating Party shall have the right to designate as "Confidential" any 14  Documents, Testimony or Information that the Designating Party in good faith believes to contain 15  non-public information that is entitled to confidential treatment under applicable law.

16      3.    The entry of this Stipulation and Protective Order does not alter, waive, modify, or 17  abridge any right, privilege or protection otherwise available to any Party with respect to the 18  discovery of matters, including but not limited to any Party's right to assert the attorney-client 19  privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest 20  any such assertion.

21      4.    Any Documents, Testimony, or Information to be designated as "Confidential" 22  must be clearly so designated before the Document, Testimony or Information is Disclosed or 23  produced. The "Confidential" designation should not obscure or interfere with the legibility of the 24  designated Information.

25        a.    For Documents (apart from transcripts of depositions or other pretrial or 26  trial proceedings), to the extent reasonably feasible, the Designating Party must affix the legend 27  "Confidential" or similar legend on each page of any Document containing such designated 28  Confidential Material.

b. For Testimony given in depositions the Designating Party may either:

(i) identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

(ii) designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page a "Confidential" legend as instructed by the Designating Party.

c. For any other tangible items, including, without limitation, compact discs, or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored a legend indicating that the material is confidential.

If only portions of the Information or item warrant protection, upon request and to the extent practicable, the Designating Party shall identify the "Confidential" portions.

5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party

1  that received the inadvertently produced Document, Testimony or Information shall promptly
2  destroy the inadvertently produced Document, Testimony or Information and all copies thereof,
3  or, at the expense of the producing Party, return such together with all copies of such Document,
4  Testimony or Information to counsel for the producing Party and shall retain only the
5  "Confidential" designated Materials. Should the receiving Party choose to destroy such
6  inadvertently produced Document, Testimony or Information, the receiving Party shall notify the
7  producing Party in writing of such destruction within ten (10) days of receipt of written notice of
8  the inadvertent production. This provision is not intended to apply to any inadvertent production
9  of any Information protected by attorney-client or work product privileges. In the event that this
10 provision conflicts with any applicable law regarding waiver of confidentiality through the
11 inadvertent production of Documents, Testimony or Information, such law shall govern.

12         6.      In the event that counsel for a Party receiving Documents, Testimony or
13 Information in discovery designated as "Confidential" objects to such designation with respect to
14 any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of
15 such objections, the specific Documents, Testimony or Information to which each objection
16 pertains, and the specific reasons and support for such objections (the "Designation Objections").
17 Counsel for the Designating Party shall have thirty (30) days from receipt of the written
18 Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or
19 Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the
20 Court seeking to uphold any or all designations on Documents, Testimony or Information
21 addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the
22 Designation Motion by the Court, any and all existing designations on the Documents, Testimony
23 or Information at issue in such Motion shall remain in place. The Designating Party shall have the
24 burden on any Designation Motion of establishing the applicability of its "Confidential"
25 designation. In the event that the Designation Objections are neither timely agreed to nor timely
26 addressed in the Designation Motion, then such Documents, Testimony or Information shall be
27 de-designated in accordance with the Designation Objection applicable to such material.
28         7.      Access to and/or Disclosure of Confidential Materials designated as "Confidential"

shall be permitted only to the following persons:

    a.    this Court and any Special Master appointed by the Court, and any members of their staffs to whom it is necessary to disclose the information;

    b.    (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

    c.    those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

    d.    court reporters, videographers, and members of their staffs used in taking or assembling deposition or trial testimony in this Proceeding (whether at depositions, hearings, or any other proceeding);

    e.    any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

    f.    any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and

1  that they may not be Disclosed other than pursuant to its terms;

2       g.    mock jury participants, provided, however, that prior to the Disclosure of
3  Confidential Materials to any such mock jury participant, counsel for the Party making the
4  Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall
5  explain that such person is bound to follow the terms of such Order, and shall secure the signature
6  of such person on a statement in the form attached hereto as Exhibit A;

7       h.    outside experts or expert consultants consulted by the undersigned Parties
8  or their counsel in connection with the Proceeding, whether or not retained to testify at any oral
9  hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such
10 expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of
11 this Stipulation and Protective Order to such person, shall explain its terms to such person, and
12 shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.
13 Before Plaintiff discloses any Confidential Discovery Material to any person identified in this
14 Paragraph who is presently engaged as an employee, agent, or consultant of a Competitor of
15 Defendants with responsibility for any antipsychotic medications (hereinafter referred to as
16 "Competitor"), the procedures in this Paragraph shall be followed to assure that no confidential
17 information is disclosed to any Competitor of Defendants.  The person to whom the Confidential
18 Discovery Material is disclosed shall make a good faith determination as to whether he or she is a
19 Competitor.  If the person determines himself or herself to be a Competitor, neither the
20 Confidential Discovery Material nor the contents thereof shall be discussed with or disclosed to
21 such person absent an agreement by the parties or order by the Court.  Nothing in this provision
22 shall be construed to prohibit Plaintiffs from seeking, or Defendants from opposing, an order
23 from the Court allowing Plaintiffs to reveal Confidential Discovery Material to Competitors
24 retained as experts on any grounds.  If the person determines himself or herself not to be a
25 Competitor, that person shall execute the Certification re Confidential Discovery Materials
26 (Exhibit A).  Counsel hiring that expert shall retain any such Certifications.  If there is any dispute
27 between parties as to whether a person is a Competitor, any party may seek a ruling from the
28 Court after meeting and conferring with opposing counsel.  It shall be the obligation of counsel,

1  upon learning of any breach or threatened breach of this Stipulation and Protective Order by any
2  such expert or expert consultant, to promptly notify counsel for the Designating Party of such
3  breach or threatened breach; and

4        i.    any other person that the Designating Party agrees to in writing.

5      8.    Confidential Materials shall be used by the persons receiving them only for the
6  purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or
7  defending the Proceeding, and not for any business or other purpose whatsoever.

8      9.    Any Party to the Proceeding (or other person subject to the terms of this
9  Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties
10  to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective
11  Order.

12      10.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and
13  Protective Order shall not:

14      a.    operate as an admission by any person that any particular Document,
15  Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary,
16  confidential or competitively sensitive business, commercial, financial or personal information; or

17      b.    prejudice in any way the right of any Party (or any other person subject to
18  the terms of this Stipulation and Protective Order):

19      (i)    to seek a determination by the Court of whether any particular
20      Confidential Material should be subject to protection as "Confidential" under the
21      terms of this Stipulation and Protective Order; or

22      (ii)    to seek relief from the Court on appropriate notice to all other
23      Parties to the Proceeding from any provision(s) of this Stipulation and Protective
24      Order, either generally or as to any particular Document, Material or Information.

25      11.    Any Party to the Proceeding who has not executed this Stipulation and Protective
26  Order as of the time it is presented to the Court for signature may thereafter become a Party to
27  this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing
28  the same with the Court, and serving copies of such signed and dated copy upon the other Parties

1  to this Stipulation and Protective Order.  A copy of the Stipulation and Protective Order will be
2  provided to all new Parties and Add on Parties by lead or liaison counsel for Plaintiffs. No new
3  Parties or Add-on Parties or their counsels will have access to, or be provided with any
4  "Confidential" materials until such time that they have executed this Stipulation and Protective
5  Order.

6        12.    Any Information that may be produced by a non-Party witness in discovery in the
7  Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as
8  "Confidential" under the terms of this Stipulation and Protective Order, and any such designation
9  by a non-Party shall have the same force and effect, and create the same duties and obligations, as
10 if made by one of the undersigned Parties hereto. Any such designation shall also function as a
11 consent by such producing Party to the authority of the Court in the Proceeding to resolve and
12 conclusively determine any motion or other application made by any person or Party with respect
13 to such designation, or any other matter otherwise arising under this Stipulation and Protective
14 Order.

15       13.    If any person subject to this Stipulation and Protective Order who has custody of
16 any Confidential Materials receives a subpoena or other process ("Subpoena") from any
17 government or other person or entity demanding production of Confidential Materials, the
18 recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission,
19 followed by either express mail or overnight delivery to counsel of record for the Designating
20 Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the
21 Designating Party may, in its sole discretion and at its own cost, move to quash or limit the
22 Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain
23 confidential treatment of such Confidential Materials from the subpoenaing person or entity to the
24 fullest extent available under law. The recipient of the Subpoena may not produce any Documents,
25 Testimony or Information pursuant to the Subpoena prior to the date specified for production on
26 the Subpoena.

27       14.    Nothing in this Stipulation and Protective Order shall be construed to preclude
28 either Party from asserting in good faith that certain Confidential Materials require additional

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER      - 8 -      CASE NO. 14-CV-02739-VC

1   protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

2   15.     If, after execution of this Stipulation and Protective Order, any Confidential
3   Materials submitted by a Designating Party under the terms of this Stipulation and Protective
4   Order is Disclosed by a non-Designating Party to any person other than in the manner authorized
5   by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure
6   shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the
7   immediate attention of the Designating Party.

8   16.     This Stipulation and Protective Order is entered into without prejudice to the right
9   of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any
10  Confidential Materials designated by that Party. If the Designating Party uses Confidential
11  Materials in a non-Confidential manner, then the Designating Party shall advise that the
12  designation no longer applies.

13  17.     Filing Confidential Materials. Without written permission from the Designating
14  Party or a court order secured after appropriate notice to all interested persons, a Party may not
15  file in the public record in this action any Confidential Materials. A Party that seeks to file under
16  seal any Confidential Materials must comply with Civil Local Rule 79-5. Confidential Materials
17  may only be filed under seal pursuant to a court order authorizing the sealing of the specific
18  Confidential Materials at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only
19  upon a request establishing that the Confidential Materials at issue is privileged, protectable as a
20  trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file
21  Confidential Materials under seal pursuant to Civil Local Rule 79-5(d) is denied by the court,
22  then the Receiving Party may file the information in the public record pursuant to Civil Local
23  Rule 79-5(e) unless otherwise instructed by the court.

24  18.     The Parties shall meet and confer regarding the procedures for use of Confidential
25  Materials at trial and shall move the Court for entry of an appropriate order.

26  19.     Nothing in this Stipulation and Protective Order shall affect the admissibility into
27  evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or
28  to pursue other appropriate judicial action with respect to any ruling made by the Court

1  concerning the issue of the status of Protected Material.

2  20.  This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

21. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

22. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

23. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the

1   Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry
2   so as to allow for immediate production of Confidential Materials under the terms herein.
3          This Stipulation and Protective Order may be executed in counterparts.

| | | |
|---|---|---|
| 1 | APPROVED: | COUNSEL FOR PLAINTIFF |
| 2 | | |
| 3 | Dated: September 8, 2014 | By: */s/ Aaron Myers* |
| 4 | | Aaron Myers |
| | | LAW OFFICES OF AARON MYERS |
| 5 | | 18111 Dorcich Court |
| | | Saratoga, CA 945070 |
| 6 | | Phone: (415) 710-3783 |
| | | Fax: (415) 493-0001 |
| 7 | | Email: aaronmyerslaw@gmail.com |

COUNSEL FOR DEFENDANTS

Dated: September 8, 2014          By: */s/ John J. Powers*

John J. Powers
Sanjeet S. Ganjam
DRINKER BIDDLE & REATH, LLP
50 Fremont St., 19th Floor
San Francisco, CA 94105
Phone: (415) 591-7500
Fax: (415) 591-7510
Email: john.powers@dbr.com

**IT IS SO ORDERED.**

Dated: September 10, 2014          By: _____
                                         Hon. Vince Chhabria

[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED, Judge Vince Chhabria]

# **EXHIBIT A**

## **CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____,

_____, am about to receive Confidential Materials supplied in connection with the Proceeding, ANDREW **WASSERMAN V. JANSSEN PHARMACEUTICALS, INC., ET. AL. (Case No. 14-CV-2739-VC)**. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of _____, 20__, at

DATED:                                          BY: _____
                                                          Signature

                                                      _____
                                                          Title

                                                      _____
                                                          Address

                                                      _____
                                                          City, State, Zip

                                                      _____
                                                          Telephone Number